AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 5-12-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU and GEORGE THIBEAU, Plaintiffs, <br><br> v. <br><br> EAST BOSTON NEIGHBORHOOD HEALTH CENTER CORPORATION, Defendant. | ) ) ) ) ) ) ) ) DOCKET NO: ) ) ) ) ) ) |

04-10951 MLW

### NOTICE OF REMOVAL

MAGISTRATE JUDGE Cohen

The defendant, East Boston Neighborhood Health Center Corporation, (Health Clinic") hereby petitions this Court that the above-entitled action, now pending against it in the Massachusetts Superior Court (Suffolk County), C.A. No. 2004-01415, be removed therefrom to this Court and consolidated with the virtually identical action pending in this Court entitled Judith Thibeau and George Thibeau v. United States of America, C.A. No. pursuant to 28 U.S.C. § 1346(b), 2671 et. seq.; see also The Federally Supported Health Center Assistance Act of 1995 (FSHCAA), 42 U.S.C. §233. In support of this notice, the defendant states as follows:

1. Plaintiff, Judith Thibeau and George Thibeau, filed their First Amended Complaint in the Massachusetts Superior Court on

1

      April 12, 2004. The complaint alleges, *inter alia*, that the defendant Health Clinic committed professional negligence in certain eye care resulting in injury. Complaint attached as Exhibit "A."

2. The defendant clinic is a federally funded community Health Clinic and is entitled to coverage under the Federal Tort Claims Act (FTCA) 28 U.S.C. §1346(b)(1); 42 U.S.C. §233(a), (g)(1)(A).

3. The FTCA is the exclusive remedy for plaintiff's professional negligence claims against the defendant Health Clinic. 42 U.S.C. §233(a).

4. On or about April 4, 2004, plaintiffs filed a complaint in this Court entitled Judith Thibeau and George Thibeau v. The United States of America, C.A. No. 04-106430-MLW.

5. The allegations contained in this pending action are identical to the allegations contained in the State Court action with the exception that The United States as the defendant instead of the Health Clinic.

6. As jurisdiction for the state court action is exclusively within the FTCA, and given the existence of the virtually identical action pending in this Court, the removal of the State court action

together with consolidation is necessary to promote judicial efficiency.

7. Within thirty (30) days of filing of this Notice of Removal, the defendant shall file certified and attended copies of all records and proceedings in the Suffolk Superior Court, and a certified or attended copy of all docket entries in the Suffolk Superior Court pursuant to L.A.8/.8 of this Court.

>Respectfully Submitted
>The Defendant, East Boston Neighborhood
>   Health Center Corporation
>By their attorneys,
>
>*/s/ Tory A. Weigand*
>Peter C. Knight, BBO #276000
>Tory A. Weigand, BBO #548553
>MORRISON, MAHONEY & MILLER
>250 Summer Street
>Boston, MA 02210
>(617) 439-7500, ext. 3006

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 5/12/04

_____
Tory A. Weigand

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
C.A. NO. 04-1415

JUDITH THIBEAU and
GEORGE THIBEAU
   Plaintiffs

v.

EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
   Defendant

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1. Plaintiff Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2. Plaintiff George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3. Defendant East Boston Neighborhood Health Center Corporation operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

4. Defendant owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

5. Defendant maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6. On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the East Boston Neighborhood Health Center [hereinafter referred to as "the Vision Center"].

8. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

9. The Vision Center is a subdivision of the defendant.

10. The defendant administers the Vision Center.

11. The defendant is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]

12. The defendant owed a duty to protect lawful visitors such as Judith Thibeau against dangerous conditions on the premises.

13. The defendant owed a duty to lawful visitors such as Judith Thibeau to keep the premises reasonably safe.

14. On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center.

15. As part of her examination the the Vision Center administered dilating eye drops to Ms. Thibeau's eyes.

16. As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.

17. After her examination, and after having her eyes dilated, Ms. Thibeau left the Vision Center, and walked down the stairs of the building located at 79 Paris Street to the first floor of that building.

18. As Judith Thibeau walked down the stairs of the building located at 79 Paris Street she fell, thereby suffering personal injuries.

19. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.

20. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.

21. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.

22. The defendant failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.

23. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

24. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

25. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

26. The defendant breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

27. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

28. The proximate cause of the aforementioned accident was the negligence of the defendant.

29. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

30. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

31. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## COUNT I

32. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.

33. The negligence of defendant proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT II

34. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.

04/15/2004 THU 12:38 FAX 5   778 1137 DOWLING & O'NEIL INS                                    ☒031

35. The negligence of defendant proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## JURY CLAIM

Plaintiff claims a trial by jury on all claims and issues so triable.

Plaintiffs
Judith and George Thibeau
by their attorney

James L. Frederick
Koufman & Frederick
1330 Beacon St., Suite 311
Brookline, MA 02446