UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH THIBEAU and<br>GEORGE THIBEAU,<br>    Plaintiffs,<br><br>v.<br><br>EAST BOSTON NEIGHBORHOOD<br>HEALTH CENTER CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   DOCKET NO: 04CV10951MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF FILING
## ALL PAPERS REQUIRED BY LOCAL RULE 8.1

I, Tory A. Weigand, attorney for the defendant, hereby affirm that the attached are certified copies of all records and proceedings in the Suffolk County Superior Court, including the filing of the Notice of Removal.

                                              Respectfully Submitted,
                                              The Defendant,
                                              EAST BOSTON NEIGHBORHOOD
                                                  HEALTH CENTER,
                                              By their attorneys,

                                              MORRISON, MAHONEY & MILLER, LLP

                                              /s/ Tory A. Weigand
                                              _____
                                              Tory A. Weigand, BBO #548553
                                              250 Summer Street
                                              Boston, MA 02210-1181
                                              (617) 439-7500

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on 5/21/04

/s/ Tory A. Weigand
_____
Tory A. Weigand

934150v1

| | | | | |
|---|---|---|---|---|
| MAS-20030912 | | Commonwealth of Massachusetts | | 05/13/2004 |
| guen | | SUFFOLK SUPERIOR COURT | | 03:50 PM |
| | | Case Summary | | |
| | | Civil Docket | | |

## SUCV2004-01415
## Thibeau et al v East Boston Neighborhood Health Center

| File Date | 04/02/2004 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 05/13/2004 | Session | B - Civil B |
| Origin | 1 | Case Type | B20 - Personal Injury-Slip&Fall |
| Lead Case | | Track | F |

| | | | | | |
|---|---|---|---|---|---|
| Service | 07/01/2004 | Answer | 08/30/2004 | Rule12/19/20 | 08/30/2004 |
| Rule 15 | 08/30/2004 | Discovery | 01/27/2005 | Rule 56 | 02/26/2005 |
| Final PTC | 03/28/2005 | Disposition | 05/27/2005 | Jury Trial | Yes |

**Plaintiff**
Judith Thibeau
Active 04/02/2004

**Private Counsel 543597**
James L Frederick
Frederick & Associates (James L)
1330 Beacon Street
Suite 311
Brookline, MA 02446
Phone: 617-738-7880
Fax: 617-738-9497
Active 04/02/2004 Notify

**Plaintiff**
George Thibeau
Active 04/02/2004

*** See Attorney Information Above ***

**Defendant**
East Boston Neighborhood Health Center
Health Center Corporation
Service pending 04/02/2004

**Private Counsel 276000**
Peter C Knight
Morrison Mahoney & Miller
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 05/13/2004 Notify

**Private Counsel 548553**
Tory A Weigand
Morrison Mahoney & Miller
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 05/13/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 04/02/2004 | 1.0 | Complaint & jury demand on complaint (all issues) |

case01 236929 y y y y y y

| | | |
|---|---|---|
| MAS-20030912 | | 05/13/2004 |
| guen | **Commonwealth of Massachusetts**<br>SUFFOLK SUPERIOR COURT<br>Case Summary<br>Civil Docket | 03:50 PM |

## SUCV2004-01415
## Thibeau et al v East Boston Neighborhood Health Center

| Date | Paper | Text |
|---|---|---|
| 04/02/2004 | | Origin 1, Type B20, Track F. |
| 04/02/2004 | 2.0 | Civil action cover sheet filed |
| 04/12/2004 | 3.0 | Amended complaint & jury demand (all issues) |
| 05/13/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. East Boston Neighborhood Health Center Corporation U. S. Dist.#(04-CV-10951MLW). |
| 05/13/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON

_MAY 14, 2004_, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _/s/_

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                         SUPERIOR COURT
                                                                    C.A. NO. 04- 04-1415

JUDITH THIBEAU and
GEORGE THIBEAU
    Plaintiffs

v.

EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
    Defendant

### COMPLAINT

1. Plaintiff Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2. Plaintiff George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3. Defendant East Boston Neighborhood Health Center Corporation operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

4. Defendant owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

5. Defendant maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6. On September 24, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the East Boston Neighborhood Health Center [hereinafter referred to as "the Vision Center"].

8. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

9. The Vision Center is a subdivision of the defendant.

9. The Vision Center is a subdivision of the defendant.
10. The defendant administers the Vision Center.
11. The defendant is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]
12. The defendant owed a duty to protect lawful visitors such as Judith Thibeau against dangerous conditions on the premises.
13. The defendant owed a duty to lawful visitors such as Judith Thibeau to keep the premises reasonably safe.
14. On September 24, 2002 Judith Thibeau had her eyes examined at the Vision Center.
15. As part of her examination the the Vision Center administered dilating eye drops to Ms. Thibeau's eyes.
16. As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.
17. After her examination, and after having her eyes dilated, Ms. Thibeau left the Vision Center, and walked down the stairs of the building located at 79 Paris Street to the first floor of that building.
18. As Judith Thibeau walked down the stairs of the building located at 79 Paris Street she fell, thereby suffering personal injuries.
19. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.
20. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.
21. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.
22. The defendant failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.
23. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

24. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

25. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

26. The defendant breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

27. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

28. The proximate cause of the aforementioned accident was the negligence of the defendant.

29. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

30. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

31. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## COUNT I

32. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.

33. The negligence of defendant proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT II

34. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.

35. The negligence of defendant proximately caused injury to plaintiff Judith Thibeau and thereby caused plaintiff George Thibeau to suffer a loss of companionship, services and consortium of his wife, Judith Thibeau.

WHEREFORE, the plaintiff George Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and attorneys fees if applicable.

## JURY CLAIM

Plaintiff claims a trial by jury on all claims and issues so triable.

I HEREBY ATTEST AND CERTIFY ON
MAY 14, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

Plaintiffs
Judith and George Thibeau
by their attorney

_____
James L. Frederick
Koufman & Frederick
1330 Beacon St., Suite 311
Brookline, MA 02446

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1415 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) Judith Thibeau and George Thibeau | DEFENDANT(S) East Boston Neighborhood Health Center Corporation |
|---|---|

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-738-7880
James L. Frederick, Esq.
Koufman & Frederick, LLP
1330 Beacon St., Suite 311, Brookline, MA 02446
Board of Bar Overseers number: #543597

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B20 | TORT/SLIP & FALL | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ over $129,000
2. Total Doctor expenses ........................................... over $23,000
3. Total chiropractic expenses .................................... $
4. Total physical therapy expenses ................................ over $1,400
5. Total other expenses (describe) antibiotics, drugs, lab. exp., x-rays, app.ex., $64,000
   Subtotal $
B. Documented lost wages and compensation to date not presently available
C. Documented property damages to date ................................
D. Reasonably anticipated future medical and hospital expenses not presently available
E. Reasonably anticipated lost wages ..................................
F. Other documented items of damages (describe) ........................ $17,400

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Comminuted fractures of left ankle fibula /hospitalizations,
   Complications and delay in healing causing numerous scarring, ankle fusion
   and impairment of function.

TOTAL $ 217,400

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jas. J. Frederick_  DATE: 4/2/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 14, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS                    3

SUFFOLK, SS                                       SUPERIOR COURT
                                                  C.A. NO. 04-1415

JUDITH THIBEAU and
GEORGE THIBEAU
    Plaintiffs

v.

EAST BOSTON NEIGHBORHOOD
HEALTH CENTER CORPORATION
    Defendant

### PLAINTIFFS' FIRST AMENDED COMPLAINT

1. Plaintiff Judith Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts.

2. Plaintiff George Thibeau is an adult who lives at 53 Chaucer Street, East Boston, Massachusetts, is married to plaintiff Judith Thibeau and was so married on September 26, 2002.

3. Defendant East Boston Neighborhood Health Center Corporation operates the East Boston Neighborhood Health Center which has offices at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

4. Defendant owns the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

5. Defendant maintains the building which is located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

6. On September 26, 2002 Judith Thibeau was a lawful visitor at a building located at 79 Paris Street, East Boston, Suffolk County, Massachusetts.

7. The purpose of Judith Thibeau's visit to the Health Center at 79 Paris Street was to have her eyes examined at the Vision Center of the East Boston Neighborhood Health Center [hereinafter referred to as "the Vision Center"].

8. The Vision Center is located on the second floor of the building at 79 Paris Street, East Boston.

9. The Vision Center is a subdivision of the defendant.
10. The defendant administers the Vision Center.
11. The defendant is responsible for the maintenance of the premises located at 79 Paris Street, East Boston [hereinafter referred to as "the premises"]
12. The defendant owed a duty to protect lawful visitors such as Judith Thibeau against dangerous conditions on the premises.
13. The defendant owed a duty to lawful visitors such as Judith Thibeau to keep the premises reasonably safe.
14. On September 26, 2002 Judith Thibeau had her eyes examined at the Vision Center.
15. As part of her examination the the Vision Center administered dilating eye drops to Ms. Thibeau's eyes.
16. As a result of having her eyes dilated, Ms. Thibeau's' vision was impaired.
17. After her examination, and after having her eyes dilated, Ms. Thibeau left the Vision Center, and walked down the stairs of the building located at 79 Paris Street to the first floor of that building.
18. As Judith Thibeau walked down the stairs of the building located at 79 Paris Street she fell, thereby suffering personal injuries.
19. Plaintiff has incurred expenses for medical treatment of her injuries of approximately $217,000.
20. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide Ms. Thibeau with a warning of the consequences and effect of dilation on Ms. Thibeau's vision.
21. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn Ms. Thibeau that visual impairment caused by eye dilation would make it difficult and dangerous to walk down stairs.
22. The defendant failed to warn Ms. Thibeau that the vision impairment caused by the dilation would create a risk of harm to her in walking down the stairs.
23. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to warn or advise Ms. Thibeau that there was an alternative to using the stairs (the elevator) that would alleviate the risk of walking down the stairs in a visually impaired condition.

24. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to post a notice that the elevator was in service and available for visually impaired patients to travel from the second floor to the ground floor.

25. The aforementioned elevator would have allowed Ms. Thibeau to avoid the risk of harm that the stairs represented.

26. The defendant breached its duty to obtain Ms. Thibeau's informed consent for performing the eye dilation procedure on her by failing to warn her of the risks involved in the eye dilation procedure and by failing to warn Ms. Thibeau of the specific risks that the procedure would create for her in using the stairs at the Health Center.

27. The defendant breached its duty of care to Ms. Thibeau and was therefore negligent by failing to provide an adequate handrail where the stairs ended and where Ms. Thibeau fell.

28. The proximate cause of the aforementioned accident was the negligence of the defendant.

29. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has lost the companionship of his wife.

30. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has had to expend time and energy in caring for his wife.

31. As a result of the injuries suffered by Ms. Thibeau, her husband George Thibeau has suffered an interruption of and harm to his marital relationship with his wife.

## COUNT I

32. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.

33. The negligence of defendant proximately caused plaintiff severe injury and disability, pain of body and mind, significant medical bills (present and future), and lost earning capacity.

WHEREFORE, the plaintiff Judith Thibeau, respectfully demands judgment against the defendant, in a full, fair and just amount together with interest, costs and, if applicable, attorneys fees.

## COUNT II

34. Plaintiff repeats and realleges the allegations of paragraphs 1-31 as if fully set forth herein.